```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

EUCLIDES F. MARTINS,          )
                              )
        Petitioner,           )
                              )
    v.                        )  C.A. No. 03-12631-GAO
                              )
JAMES JOHNSTON, et al.;       )
                              )
        Respondents.          )
```

### MEMORANDUM AND ORDER OF TRANSFER

For the reasons stated below, this action will be transferred to the Western District of Louisiana.

### FACTS

On December 29, 2003, petitioner Euclides Martins, an immigration detainee being held at FDC Oakdale, in Oakdale, Louisiana, filed a document entitled "Motion for Declaratory and Injunctive Relief With a Stay of Deportation." In the petition, Martins claims that he brings this action pursuant to 28 U.S.C. § 2241, and that the Board of Immigration Appeals ("BIA") finding that he is subject to removal as an "aggravated felony" violates his rights under the Fourteenth Amendment because he is not subject to removal under the Federal Juvenile Delinquency Act.  Petition, p. 1-3.  He further asserts that he has filed a motion for reconsideration with the BIA and that this motion is still pending. Id. at p. 5.

I.  The Court Must Dismiss
    or Transfer the Petition
    <u>to the Western District of Louisiana</u>

Because Martins is in custody in Oakdale, Louisiana and thus is not in custody in this district, the Court is required to either dismiss or transfer this petition to the proper district. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. <u>Vasquez v. Reno</u>, 233 F.3d 688, 690 (1st Cir. 2000), <u>cert. denied</u>, <u>sub nom.</u> <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001). Petitioner's legal custodian is the warden of FDC Oakdale, the individual having day-to-day control over the facility in which he is being detained. <u>Id.</u> at 694. This Court does not have personal jurisdiction over the warden of FDC Oakdale, and therefore must either dismiss or transfer this Section 2241 petition to the proper district.[1] <u>Id.</u> at 696.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this action be TRANSFERRED to the Western District of Louisiana, 300 Fannin

---

[1] Because the Court is transferring this action, it will not address the issue of the $5 filing fee for this action, the request for a stay of removal, or the merits of petitioner's Section 2241 claims. <u>See</u> <u>Vasquez</u>, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

Street, Suite 1167, Shreveport, Louisiana  71101  for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>December</u>, 2003.

                                        <u>s/ George A. O'Toole, Jr.</u>
                                        GEORGE A. O'TOOLE, JR.
                                        UNITED STATES DISTRICT JUDGE