IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| Euclides Fernandes Martins<br>petitioner<br>**Pro Se**<br><br>v.<br><br>U.S. Immigration & Nat. Svc.<br>respondent | 03-12631-GAO<br>**Alien No.**<br>A 42 379 446 |

**Motion to Re-Instate Location or in the
Alternative Change Venue to Massachusetts**

Preliminary Statement

Euclides Fernandes Martins, hereinafter referred to as the "Petitioner", acting Pro-Se, request this Honorable court to re-instate his location of detention back to Federal Detention Center, Oakdale, Louisiana or in the alternative change venue to Massachusetts.

The petitioner was detained by the former Immigration & Naturalization Service, now designated as Bureau of Immigration & Customs Enforcement in January 2003 at FDC-Oakdale. The

petitioner was ordered to be deported to his native country of Cape Verde on May 2, 2003 by the immigration Judge and he subsequently appealed the immigration Judge decision to the Board of Immigration Appeals (BIA), and his appeal was later dismissed by the BIA.

The petitioner currently filed a writ of habeas corpus under 28 U.S.C. § 2241 in this Honorable court for a review of his case and for an injunctive relief, since the petitioner has substantive equities under immigration laws, based on the merits of his case. This issue is currently pending in this district.

On January 12, 2004, the petitioner was removed by the Bureau of Immigration & Customs Enforcement from FDC-Oakdale to a county jail in violation of his due process right, civil right, the right to access to adequate legal library, the right to a safe and sanitary condition, his right to reasonable and uncruel punishment, including psychological and emotional trauma. The petitioner is still a juvenile under federal law, see 18 U.S.C. § 5031. Also, the petitioner is not a criminal, but rather an immigration detainee-- civil issue.

All these issues constitutes his rights under federal laws and also constitutes a federal question under 5th, 8th, 14th and title 42 U.S.C. § 1983.

1

## JURISDICTION

This court has jurisdiction to entertain this motion when a pure question of federal laws are involved and also the jurisdiction in which the petitioner's motion for habeas corpus § 2241 petition is currently pending.

## STATEMENT OF FACTS

1. Removing the petitioner from his current place of incaceration, FDC-Oakdale to a county jail, where this petitioner is a pro se detainee, and has no access to adequate law library, violates his due process right. See U.S. v. Guthrie, 789 F. 2d 356 (5th Cir. 1986)(For the government to punish a person because he had done what the law plainly allows him to do is a due process violation of the most basic sort. See also Porter v. Singletary, 49 F. 3d 1483 (11th Cir. 1995)(Due process requires that litigant's claim be heard by fair and impartial fact finder applies to administrative as well as judicial proceedings. Also, substantive due process clause protects against certain government actions regardless of fairness of procedures used to implement them, see Lillard v. Shelby County Bd. of Educ., 76 F. 3d 716 (6th Cir. 1996). Due process clause prohibits detainees from being retaliated against through imposition of harsher prison condition simply for excercising right to appeal. Paradise v. CCI Warden, 136 F. 3d 331 (2nd Cir. 1998). When a deta-

2

inee is transferred for excercising his own right to access to the court, he has a claim under § 1983, see Higgason v. Farley, 83 F. 3d 807 (7th Cir. 1996).

2. Removing this petitioner from FDC-Oakdale to a county jail by the immigration and naturalization service amounts to a violation of his civil rights. See Johnson v. Rodriquez, 110 F. 3d 299 (5th Cir. 1997)(Stating that action motivated by retaliation for excercise of constitutionally protected rights is actionable, even if act, when taken for different reason, might have been legitimate. See also Walters v. Reno, 145 F. 3d 1032 (9th Cir. 1998)(where court have ruled that injunctive relief is appropriate in cases involving challenges to government policies that result in a pattern of constitutional violations.

3. Removing the petitioner who is a pro se detainee from FDC-Oakdale to a county jail by the immigration services is a denial of access to the court and law library, where county jail does not have adequate and efficient legal reference materials to enable petitioner follow up with the multitude of task ahead of him in his own defense with the court. See EX PARTE HALL, 312 US 546, 85 Led 1034, 61 Sct 540 (1941), where court dictated that prisoner's, expecially pro se detainees have a fundamental right to adequate, effective, and meaningful access to court to challenge violations of their constitutional rights. See also Madrid v. Gomez, 150 F. 3d 1030 (9th Cir. 1998)(prisoners

3

posseses right of access to the court not only to pursue appeals from criminal conviction, but also to assert civil right actions. Chriceol v. Phillips, 169 F. 3d 313 (5th Cir. 1999)(prisoners clearly have a constitutionally protected right of access to the courts, and interference with a prisoner's right to access to the court, such as a delay, may result in a constitutional deprivation.

4. Removing the petitioner from FDC-Oakdale to a county jail by the immigration & naturalization services amounts to cruel and unusual punishment. See Wilson v. Seit, 501 US 294, 115 Led2d 271, 111 Sct 2321 (1991), where the Supreme Court ruled that "Dliberate indifference" standard is applicable to a prisoner's claim that conditions of confinement constituted cruel and unusual punishment in violation of eight amendment. See also Kost v. Kozaliewicz, 1 F. 3d 176 (3rd Cir. 1993)(while eight amendment does not mandate confortable prisons, inmates have the right to be free of conditions that generate infestations of vermin.

5. Removing the petitioner from FDC-Oakdale to a county jail by the INS is a deliberate act to create psychological and emotional pain. See Perkins v. Kansas Dept. of Corrections, 165 F. 3d 803 (10th Cir. 1999)(Infliction of psychological pain can violate eight amendment's prohibition against cruel and unusual punishment.

6. Removing the petitioner from the immigration detention center at FDC-Oakdale to a county jail where the petitioner is an

4

immigration detainee--civil issue and not a criminal defendant, contitutes a retaliation for excercise of constitutional right of access which is cognizable under § 1983. See <u>Valot v. Southeast local School dist. Bd. of Educ.</u>, 107 F. 3d 1220 (6th Cir. 1997)(Stating that courts should allow liberal amendment of pro se plaintiff's civil rights complaint.

### ARGUMENT

It is incumbent on this Honorable court to conclude it to be unconstitutional where the immigration and naturalization service removed the petitioner, an immigration detainee from FDC-Oakdale to a county jail when the petitioner is a pro se detainee for his excercise of his due process right under the law. The right to appeal his order of deportation to a higher court. This petitioner was removed from FDC-Oakdale to a county jail where he will no longer have access to legal material to face the challenges that are ahead of him, including his legal research and adequate legal reference materials. It is outrageous when conduct of government agents is so outrageous that due process principles bar government from invoking judicial process to obtain deportation. See, <u>U.S. v. Hudson</u>, 982 F. 2d 160 (5th Cir. 1993). Selective prosecution is vindictive and violates due process if undertaken to punish persons because he has done what the law plainly allows him to do.

5

This cause of action by the immigration and naturalization service on this petitioner creates not only emotional but psychological damages to the petitioner. The sixth circuit court of appeals has reiterated that emotional distress may be awarded upon showing of intimidation, weight loss, loss of sleep, shock, or humiliation, the same symtoms that this petitioner is now suffering as a result of the immigration and naturalization action. See, Thompson v. Opeiu, 74 F. 3d 1492 (6th Cir. 1996). The infliction of this psychological pain violates eight amendment's prohibition against cruel and unusual punishment.

## CONCLUSION

When adapting a complex immigration policies involving the rights of United States residents, it is necessary to take a holistic approach, see Jones v. United States, 526 US, 227, 119 Sct 1215, 143 Led. 2d 311 passim (1999)(use of policies, comparison with other rights, legislative history, traditional treatment of related rights and principles of criminal law and avoidance of constitutional doubts.

This Honorable court must: 1) study the policies and history of the applicable rights, in 2) the context of the complex proceedural scheme, with 3) a long history implicating basic and changing policies having impacts on immigration detainees, 4) constitutional and international law restraints, and 5) the need to avoid violations of the

law which will unnecessarily deprive pro se detainees of the fundamental rights not to be unreasonably uprooted from their country of long time residence.

When administrative agency departs from established precedent without reasoned explanation, its decision will be vacated as arbitrary and capricious, and internal agency regulations can not legitimate the violation of constitutional or statutory rights.

### RELIEF SOUGHT

1.  The petitioner request that this Honorable court, order the Bureau of Immigration & Customs Enforcement to return this petitioner from the county jail where he is now currently incarcerated, back to Federal Detention Center in Oakdale, Louisiana where he is originaly detained.

2.  Or Move his venue to any immigration detention center in Boston, Massachusetts, where his motion for habeas corpus petition is pending before this Honorable court.

3.  And any other relief that this court might deem necessary.

_01/26/_, 2004
Date

RESPECTFULLY SUBMITTED

Euclides Fernandes Martins

## Certificate of Service

Name: Euclides Fernandes Martins

A#: 42 - 379 - 446

I certify that on January 20, [date], 2004 [year], I served the Immigration and Naturalization Service with a copy of the foregoing by placing a true and complete copy in an envelope, postage prepaid, and mailing it, addressed as follows:

Trial Attorney
Immigration and Naturalization Service
1010 East Whately Road
Oakdale, LA 71463

_____    1/20/2004
[sign/your name here]